UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOSE FRANCISCO GARDUNO ZETINA,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-932

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**I.      Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner from custody. (Pet., ECF No. 1, PageID.15.)

In an order entered on March 27, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the

March 3, 2026, bond hearing on April 1, 2026. (Resp., ECF No. 5; Recording of Mar. 3, 2026, Bond Hearing, filed on April 1, 2026.)

## II.    Relevant Factual Background

Petitioner is a citizen of Mexico who entered the United States in 2023. (Pet., ECF No. 1, PageID.4.) On September 29, 2025, Petitioner was arrested by ICE. (*Id.*, PageID.5.)

On February 4, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Garduno Zetina v. Raycraft* (*Garduno Zetina I*), No. 1:26-cv-374 (W.D. Mich.). In *Garduno Zetina I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Garduno Zetina I*, (W.D. Mich. Feb. 25, 2026), (ECF Nos. 7, 8.).

On March 3, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.5.) At that hearing, Petitioner argued that he was not a danger to the community or a flight risk because he had no criminal record, was married to a United States citizen, was employed, had a sponsor, and had a pending asylum application. (*Id.*, PageID.5–6; Recording of Mar. 3, 2026, Bond Hearing at 2:14–10:35, filed on April 1, 2026.) Respondents presented a Form I-213 (Form I-213, ECF No. 1-8, PageID.42–44) as an exhibit. At the conclusion of the March 3, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating:

> Respondent is a flight risk. He has entered the United States unlawfully and married a United States Citizen at age 18. The relief Respondent is seeking is speculative.

(Immigration Judge Order, ECF No. 1-9, PageID.46.)

**III.    Discussion**

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on March 3, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied a constitutionally deficient burden of proof. Under these circumstances, the Court will deny Petitioner's § 2241 petition, without prejudice.

<u>**Conclusion**</u>

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, without prejudice.


Dated:     April 23, 2026                                    /s/ Jane M. Beckering
                                                             Jane M. Beckering
                                                             United States District Judge

3